**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| STEPHANIE GRACE TYSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 26-3323-BAH |
| JOHNS HOPKINS HOSPITAL ET AL., | * | |
| Defendants. | * | |

* * * * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Plaintiff Stephanie Grace Tyson ("Plaintiff") filed the above-captioned complaint pro se together with a motion for leave to proceed in forma pauperis, ECF 2, which shall be granted.

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020). The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). Here, as pled, Plaintiff's complaint fails to state a claim upon which relief can be granted, so she will be directed to file an amended complaint.

Plaintiff brings suit against Defendant Johns Hopkins Hospital.[1] *See* ECF 1, at 1. She alleges violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), and 42 U.S.C. 1981. *See id.* at 4. The precise allegations are difficult to decipher as pled because they consist of vague references without complete sentences or enough details to contextualize the references. For example, the complaint alleges as follows:

> PINPOINT 1 - FAILURE TO PROMOTE + TUITION CONTRACT – 5 Violations - CORRECTED TO 5 INTERVIEWS NOT 2
>
> 10. V1 - 30+ Applications Blacklist: 30+ positions including Public Safety 1 year Broadway Services, only 5 interviews out of 30+ all by same TA, no promotion
>
> 11. V2 - Sterile Processing $3 less tentative date reframed new pay period, no training weekends/Sundays, no hours week
>
> 12. V3 - Patient Rep 3-day blitz Friday last day Teams 10-11 AM no show screenshots, after blitz supervisor+supervisor+team lead shadowing only while others promoted
>
> 13. V4 - CSR vacation/birthday 5 AM reschedule portfolio ignored unprofessional note
>
> 14. VS - Tuition Contract: Aug/Sept 2024 applied tuition advancement manager signed at desk while working with Sapphire Bollinger paid out Fall 2024 contract until 2025 fired July 24 2025 -5 months early breach
>
> 15. Pattern blacklist + contract breach

---

[1] The complaint later names the defendant as "Johns Hopkins Hospital" with the job or title of "Guest Service Rep." *See* ECF 1, at 2. It is not clear who the "Guest Service Rep." is or whether Plaintiff intended to bring suit against a second defendant. Regardless, Title VII and the ADA impose liability on employers, not supervisors, so Johns Hopkins Hospital, as Plaintiff's employer, is the proper defendant in such a case. *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998) ("Congress only intended employers to be liable for Title VII violation."); *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) ("Because Title VII does not authorize a remedy against individuals for violation of its provisions, and because Congress has made the remedies available in Title VII applicable to ADA actions, the ADA does not permit an action against individual defendants . . . .").

*Id.* at 6.

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 561. Further, a pleading which sets forth a claim for relief (like a civil complaint) shall contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought.

Fed. R. Civ. P. 8(a). Each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp.*, 550 U.S. at 555).

As noted, Plaintiff seeks to bring a Title VII claim. In relevant part, Title VII provides that it is "an unlawful employment practice for an employer" to (1) "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "To establish a prima facie case of disparate treatment, a plaintiff must prove four elements: '(1) membership in a protected class; (2)

satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class.'" *Cosby v. S.C. Prob., Parole & Pardon Servs.*, 93 F.4th 707, 714 (4th Cir. 2024) (quoting *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010)). A plaintiff must satisfy three elements to establish a prima facie retaliation case: "(1) that she engaged in a protected activity; (2) that her employer took an adverse employment action against her; and (3) that there was a causal link between the two events." *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 405–06 (4th Cir. 2005). In a complaint, a plaintiff need not necessarily establish a prima facie case of discrimination. Rather, he "need only 'offer facts that plausibly support inferences that' the elements of [his] claim are satisfied." *Yampierre v. Baltimore Police Dep't*, Civ. No. ELH-21-1209, 2023 WL 6049489, at *25 (D. Md. Sept. 15, 2023) (quoting *Laurent-Workman v. Wormuth*, 54 F.4th 201, 210 (4th Cir. 2022)). "Put another way, a plaintiff's 'complaint must state a plausible claim for relief that permits the court to infer more than the mere possibility of misconduct based upon its judicial experience and common sense.'" *Id.* (quoting *Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 508 (D. Md. 2019)) (additional internal quotation marks omitted)).[2]

"[Section] 1981 creates, among other things, a cause of action for individuals aggrieved by race discrimination at the hands of their private employers." *Gary v. Facebook, Inc.*, 822 F. App'x 175, 179 (4th Cir. 2020) (citing *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 459–60, (1975)). Title VII and § 1981 claims are often analyzed together. *See Ali v. BC Architects Eng'rs, PLC*, 832 F. App'x 167, 171 n.3 (4th Cir. 2020) (recognizing "the similarity of a race

[2] At later stages of litigation "[a] plaintiff pursuing a claim under Title VII may either offer direct evidence of discrimination or, using indirect evidence, she may rely on the burden shifting framework that was adopted by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)." *Coleman v. Whitley*, No. 21-1181, 2022 WL 16630570, *1 (4th Cir. Nov. 2, 2022).

discrimination claim pursued under [Title VII] and one pursued under § 1981" (citing *Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004))), *as amended* (Oct. 16, 2020); *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 219 (4th Cir. 2016) (noting that elements of discriminatory discharge based on race under Title VII and § 1981 "are effectively the same").

Plaintiff also seeks to bring an ADA claim. The ADA prohibits employers from discriminating against otherwise "qualified individual[s] on the basis of disability." 42 U.S.C. § 12112(a)–(b). Among the forms of discrimination prohibited by the statute are (1) imposing an adverse action upon an employee due to their disability; (2) retaliating against an employee for engaging in protected activities related to disability discrimination; (3) creating a hostile work environment; and (4) failing to reasonably accommodate an employee with a disability. *See Israelitt v. Enter. Servs. LLC*, 78 F.4th 647, 653 (4th Cir. 2023). Under the ADA, a "disability" is defined as "a physical or mental impairment that substantially limits one or more major life activities," "a record of such an impairment," or "being regarded as having such an impairment." 42 U.S.C. § 12102(1). A "qualified individual" is one who, "with or without reasonable accommodation, can perform the essential functions of the employment position that [the] individual holds or desires." *Id.* § 12111(8). To establish a prima facie case of wrongful discharge under the ADA, a plaintiff must show that "(1) he is within the ADA's protected class; (2) he was discharged; (3) at the time of his discharge, he was performing the job at a level that met his employer's legitimate expectations; and (4) his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Haulbrook v. Michelin N. Am., Inc.,* 252 F.3d 696, 702 (4th Cir. 2001) (citing *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio*, 53 F.3d 55, 58 (4th Cir. 1995)). "[A] plaintiff asserting a failure to accommodate claim must show: '(1) [he] was a qualified person with a disability; (2) the employer had notice of [his] disability; (3) the plaintiff

could perform the essential functions of [his] position with a reasonable accommodation; and (4) the employer nonetheless refused to make the accommodation.'" *Jennings v. Frostburg State Univ.*, 679 F. Supp. 3d 240, 284 (D. Md. 2023) (quoting *Johnson v. Md. Transit Admin.*, Civ. No. CCB-19-2523, 2021 WL 809768, at *3 (D. Md. Mar. 2, 2021)).[3]

"The FMLA provides covered employees with two types of rights and protections. First, covered employees who take a leave of absence for family or medical reasons qualify for numerous substantive entitlements." *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 546 (4th Cir. 2006); *see also* 29 U.S.C. §§ 2612, 2614. "These substantive rights, and their accompanying protections, *see* [29 U.S.C.] § 2615(a)(1), are *prescriptive,* 'set[ting] substantive floors for conduct by employers, and creating entitlements for employees.'" *Id.* (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 159 (1st Cir. 1998)). "Claims of alleged violations of these prescriptive rights—known as 'interference' or 'entitlement' claims—arise under 29 U.S.C. § 2615(a)(1), which states that '[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.'" *Id.* "In addition to these prescriptive rights and protections, the Act also contains *proscriptive* provisions that protect employees from discrimination or retaliation for exercising their substantive rights under the FMLA." *Id.* (citing *Hodgens*, 144 F.3d at 159–60; *Rice,* 209 F.3d at 1017). "Known as 'retaliation' or 'discrimination' claims, causes of action alleging violations of these proscriptive rights arise under 29 U.S.C. § 2615(a)(2), which states that '[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.'" *Id.* The Court gleans that Plaintiff intends to bring an

[3] The same burden-shifting framework applies at later stages for an ADA claim. *See Laird v. Fairfax Cnty.*, 978 F.3d 887, 892 (4th Cir. 2020).

interference claim. *See* ECF 1, at 7 ("Dec 2024 2 days 1 week note PTO forced no FMLA within 5 days" under the heading "FMLA Accommodations Failure" (capitalization omitted)). "To make out an 'interference' claim under the FMLA, an employee must thus demonstrate that (1) [s]he is entitled to an FMLA benefit; (2) [her] employer interfered with the provision of that benefit; and (3) that interference caused harm." *Adams v. Anne Arundel Cnty. Pub. Schs.*, 789 F.3d 422, 427 (4th Cir. 2015).[4]

Here, as pled, the allegations do not support a claim under Title VII, the ADA, the FMLA, or § 1981. The complaint contains only fragmented references with little context. For example, under the heading "PINPOINT 5- RETALIATION MAY 2025 GOSSIP JULY 14 SERVICE STAR JULY 24 TERMINATION - 3 Violations," Plaintiff writes: "31-33.May 2025 gossip Mr Royster+ Tracy promotion petition, June testimonials July 14 Service Star vs July 24 termination coached Officer Henry + Jacqueline family of 4 only woman mouthing off fully serviced, security escort, Aug 7 appeal 10 business days misapplied as Aug 6 denied." ECF 1, at 7. It is not clear who any of the named individuals are, what specifically happened, or how those acts constitute retaliation.

Assuming that Plaintiff was terminated, *see id.* (referencing "post-termination" conduct), there are no allegations from which the Court could infer that her termination was *because of* Plaintiff's membership in a protected class under Title VII, race under § 1981, her disability, or in retaliation for any activity protected under these statutes. Because Plaintiff proceeds pro se and has potentially cognizable claims, she will be afforded an opportunity to file an amended complaint and add the necessary factual details. *See Johnson v. Silvers*, 742 F.2d 823, 825 (4th Cir. 1984).

---

[4] The *McDonnell Douglas* burden-shifting framework also applies in FMLA cases. *Fry v. Rand Constr. Corp.*, 964 F.3d 239, 244 (4th Cir. 2020).

In drafting her amended complaint, Plaintiff should, to the best of her ability, include specific allegations, such as they exist, tying Plaintiff's race, disability, and/or any other protected characteristic to the allegedly wrongful acts. She should use the above-described elements as a guide, provide the dates and locations of the relevant events, and include the specific actions supervisor took or failed to take which resulted in the alleged violations.

To comply with the Federal Rules of Civil Procedure, the complaint must contain at a minimum a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief. Fed. R. Civ. P. 8(a). Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 555).

Plaintiff's amended complaint will replace all previous complaints and supplements filed. The general rule is, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint). Therefore, the amended complaint required by this order must include all of the allegations Plaintiff seeks to bring, so that the amended complaint may stand alone as the sole complaint in this action which the defendant must answer.

Accordingly, it is this 26th day of August, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, ECF 2, is GRANTED;
2. Plaintiff IS GRANTED 21 days from the date of this order to file an amended complaint as directed above;
3. Plaintiff IS FOREWARNED that failure to comply with this order in the time specified will result in dismissal of this case without further notice; and
4. The Clerk SHALL PROVIDE a copy of this order to Plaintiff.

_____________/s/_______________
Brendan A. Hurson
United States District Judge